United States District Court
Southern District of Texas
**ENTERED**
September 13, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARMELO DANIEL PENA-GONZALEZ, Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-20** |
| | § | **Criminal No. 1:14-241-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 25, 2016, Petitioner Carmelo Daniel Pena-Gonzalez ("Pena-Gonzalez") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Pena-Gonzalez's motion be **DISMISSED** because he waived his right to file the instant petition. Furthermore, his claims are factually and legally meritless.

## I. Procedural and Factual Background

On April 8, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Pena-Gonzalez for illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Carmelo Daniel Pena-Gonzalez, Criminal No. 1:14-241-1, Dkt. No. 7 (hereinafter "CR").[1]

[1] While the indictment alleged that Pena-Gonzalez had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

**A. Rearraignment**

On June 3, 2014, Pena-Gonzalez appeared before the District Judge and pled guilty – pursuant to a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 14.

The plea agreement included a written waiver of Pena-Gonzalez's appellate rights, which read as follows:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 18, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 16, pp. 4-5, ¶ 11.

**B. Sentencing**

In the final presentence report ("PSR"), Pena-Gonzalez was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 20, p. 4. Pena-Gonzalez was also assessed a 16 level enhancement because, in 2008, he had been convicted of burglary of a habitation in a Texas state court. Id. The PSR noted that the burglary of a habitation conviction was a "crime of violence" under the sentencing guidelines. Id. Pena-Gonzalez received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Pena-Gonzalez was assessed a total offense level of 21.

Regarding his criminal history, Pena-Gonzalez had five adult criminal convictions and was assessed eight criminal history points, resulting in a criminal history category of IV. CR Dkt. No. 20, pp. 6-8. Based upon Pena-Gonzalez's offense level of 21 and criminal history category of IV, the presentence report identified a guideline sentencing range of 57 to 71 months of imprisonment. Id., p. 10.

On September 3, 2014, the District Court sentenced Pena-Gonzalez to a non-guideline sentence of 46 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 26. The judgment was entered on September 22, 2014. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Pena-Gonzalez's deadline for filing a notice of direct appeal passed on October 6, 2014. Id.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On January 25, 2016, Pena-Gonzalez timely[2] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Pena-Gonzalez asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 2. He also asserts that his previous conviction for burglary of a habitation did not qualify as a crime of violence. Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

**A. Section 2255**

Pena-Gonzalez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section

[2] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See also Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Pena-Gonzalez filed his appeal within one-year from the date which Johnson was decided. Therefore, the appeal is timely.

provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Pena-Gonzalez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – entitle Pena-Gonzalez to the relief he seeks's claims.

**A. Waiver of Appellate Rights**

Pena-Gonzalez waived his right to appeal or collaterally attack his sentence when he entered into the plea agreement with the United States. This waiver bars reliefs under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).[3]

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Pena-Gonzalez knowingly and voluntarily waived his appellate rights. Pena-Gonzalez's plea agreement expressly states that he was aware of his right to directly appeal his sentence pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 16. That same paragraph also indicates that Pena-Gonzalez agreed to waive those rights.

Pena-Gonzalez has not provided any evidence to indicate that he was unaware of or misunderstood any of the terms within the plea agreement; or evidence to indicate that he pled guilty involuntarily. Consequently, the record establishes, without a doubt, that Pena-Gonzalez's waiver was knowingly and voluntarily made.

Moreover, Pena-Gonzalez's waiver clearly applies to this case. Pena-Gonzalez is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver. As discussed below, even if the waiver is not enforced, Pena-Gonzalez is not entitled to the relief he seeks.

---

[3] While the Court has not required the United States to reply to Pena-Gonzalez's petition, the Court "is entitled to conclude that the government wishes what it bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007). Even if Pena-Gonzalez had not waived his appellate rights, the result would be no different, as his claims are substantively meritless.

**B. Johnson is Inapplicable**

Pena-Gonzalez asserts that he is entitled to habeas relief based upon the Supreme Court's recent decision in Johnson v. U.S., 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court concluded that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Pena-Gonzalez, none of it applies to his case. Pena-Gonzalez was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 7. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 20. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Pena-Gonzalez with a vehicle for relief.

**C. Gonzalez-Longoria Affords No Relief**

Pena-Gonzalez makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term

"crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed such an argument in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Pena-Gonzalez may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[4]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Thus, Pena-Gonzalez is entitled to no relief under Gonzalez-Longoria.

**D. Sentencing Guidelines Enhancement**

Furthermore, an examination of Pena-Gonzalez's sentence clearly shows that there was no error under the applicable sentencing guidelines. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I), a 16 level enhancement was added to Pena-Gonzalez's offense level, because he had a prior felony conviction for burglary of a habitation, which the Guidelines identify as a crime of violence. CR Dkt. No. 20.

The Sentencing Guidelines provision set forth that a defendant – who is convicted of illegal re-entry – is subject to a 16-level sentencing enhancement, if he has a previous

[4] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

conviction for a crime of violence. U.S.S.G. § 2L1.2. The Sentencing Guidelines expressly identify "burglary of a dwelling" as a crime of violence. U.S.S.G. § 2L1.2, comment n.1(B)(iii).

The mere labeling of an offense as burglary of a dwelling, however, is insufficient to warrant the application of the 16 level enhancement imposed by § 2L1.2. U.S. v. Mohr, 554 F.3d 604, 610 (5th Cir. 2009) ("The elements of state offenses determine whether a prior offense was a crime of violence under federal law, not labels under state law."). Instead, the Court must first look to the elements of the crime of conviction, to determine if those elements "are the same as or narrower than those of the generic offense of burglary of a dwelling." U.S. v. Conde-Castaneda, 753 F.3d 172, 175 (5th Cir.), cert. denied, 135 S. Ct. 311, 190 L. Ed. 2d 225 (2014).

The relevant portions of the Texas burglary of a habitation statute provide:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>
> > (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> >
> > (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> >
> > (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Texas Penal Code § 30.02(a).

Thus, there are three different types of offense set forth in this statute. The Fifth Circuit has concluded that a conviction under section 30.02(a)(1) meets the generic elements of burglary of a dwelling. U.S. v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005). The Fifth Circuit has also held that a conviction under section (a)(3) does not meet those elements, because it lacks an element of intent. U.S. v. Constante, 544 F.3d 584, 587 (5th Cir.

2008).[5]

The distinguishing factor, as set forth in the Fifth Circuit's analysis, is whether the defendant entered the habitation with the intent to commit a crime. If the person enters the building with the intent to commit one of the listed offenses, then the act constitutes a crime of violence. On the other hand, if the entry was committed, and then, only after the entry was effected, the intent to commit one of the listed offenses was formed, then the offense was not a crime of violence.

In order to determine if Pena-Gonzalez was convicted under section (a)(1) or section (a)(3), the Court may "look at so-called Shepard[6] documents, which include the charging document, written judicial confession, and judgment." Conde-Castaneda, 753 F.3d at 176 (footnote added).

In this case, Pena-Gonzalez's state court indictment charged him as follows: "with intent to commit theft, intentionally or knowingly enter[ing] a habitation without the effective consent" of the owner. CR Dkt. No. 25, p. 1. Pena-Gonzalez pled guilty to this charge as a second-degree felony. Id, p. 5.

The Fifth Circuit recently decided a case with identical circumstances: an illegal re-entry defendant; who was convicted of the second-degree felony of burglary of a habitation; using the same language in the state court indictment. In that case, the Fifth Circuit held: (1) the defendant was convicted under section (a)(1); and (2) the crime of violence enhancement was applicable under U.S.S.G. 2L1.2(b)(1)(A)(ii). U.S. v. Hernandez-Borjas, No. 15-40190, 2016 WL 833395, at *5 (5th Cir. Mar. 3, 2016) (unpubl.). Accordingly, given the identical circumstances in the instant case, the Court concludes that the enhancement was properly applied.[7]

---

[5] It does not appear that the Fifth Circuit has ever decided whether a conviction under Section (a)(2) qualifies as a crime of violence. That section, however, is not applicable to this case.

[6] Shepard v. U.S., 544 U.S. 13 (2005).

[7] Additionally, the foregoing analysis also resolves Pena-Gonzalez's claim that his burglary of a habitation conviction was not a crime of violence.

Thus, Pena-Gonzalez's reliance on Johnson and its progeny, as a premise for relief, is factually and legally misplaced. For those reasons – if his petition is not dismissed as waived – his claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Carmelo Daniel Pena-Gonzalez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DISMISSED** because he waived the right to file the instant petition. Alternatively, it should be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Pena-Gonzalez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Pena-Gonzalez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on September 13, 2016.

Ronald G. Morgan
United States Magistrate Judge